UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

SARA B. LADDS                       :     BK No. 04-12010
              Debtor                          Chapter 7

CHRISTIAN J. LADDS                  :
              Plaintiff
v.                                  :     A.P. No. 04-1050

SARA B. LADDS                       :
              Defendant

- - - - - - - - - - - - - - - - - -x


## ORDER REFUSING ABSTENTION AND GRANTING INJUNCTIVE RELIEF

APPEARANCES:

        Christopher M. Lefebvre, Esq.
        Attorney for Debtor/Defendant
        P.O. BOX 479
        Pawtucket, Rhode Island 02860

        Robert S. Parker, Esq.
        Attorney for Plaintiff
        McINTYRE, TATE, LYNCH & HOLT, LLP
        321 South Main Street, Suite 400
        Providence, Rhode Island 02903

        Charles Pisaturo, Esq.
        Chapter 7 Trustee
        LAW OFFICES OF CHARLES A. PISATURO, JR.
        1055 Elmwood Avenue
        Providence, Rhode Island 02907


BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

BK No. 04-12010; AP No. 04-1050

Heard on the Debtor/Defendant Sara Ladds' request for "a preliminary injunction" to prevent her ex-husband from prosecuting in the Providence County Family Court a recently filed Motion for Relief. There are no disputed issues of fact, so upon consideration of the arguments, the pleadings, and for the reasons set forth below, the Court will retain jurisdiction of the parties' dischargeability dispute. Ancillary thereto, the Defendant's request for injunctive relief is GRANTED.[1]

<u>**BACKGROUND**</u>

In September 2003, Sara and Christian Ladds were divorced, and as part of the final divorce judgment they entered into a marital settlement agreement wherein Sara assumed responsibility for a Capital One credit card debt on which she and Christian were jointly liable. After Sara defaulted on said debt she filed this Chapter 7 case, and Christian, who is not in bankruptcy and who is still personally liable on the Capital One debt, brought an adversary proceeding in this Court to have that

---

[1] Probably due to the urgency of things from the Debtor's standpoint at least, this matter has been presented awkwardly, in the nature of a request for injunctive relief. The Court, however, deems it more appropriate to address the issue on the basis of whether or not to abstain regarding the Family Court Motion for Relief.

                                        BK No. 04-12010; AP No. 04-1050

debt declared nondischargeable as to Sara.  Christian maintains

that the Capital One debt is nondischargeable under 11 U.S.C. §

523(a)(5) because it is in the nature of alimony, maintenance

and support.  He also alleges that his ex-wife's Capital One

debt is nondischargeable under Section (a)(15), and/or Sections

523(a)(2)(A) (fraud), (a)(4) (defalcation), and (a)(6) (wilful

and malicious injury).  In Christian's adversary proceeding

here, pursuant to Bankruptcy Rule 7026, the parties have filed

a Discovery Plan and there is in place a Scheduling Order

requiring discovery to be completed by February 7, 2005, with a

Joint Pre-Trial Order due by February 28, 2005.  The parties

have been advised that they can expect a trial on the merits in

the Bankruptcy Court in March 2005.

     On November 2, 2004, however, with the above-referenced

adversary proceeding moving forward as described in the

Bankruptcy Court, Christian filed the subject "Motion for

Relief" in the Providence County Family Court for essentially

the same relief sought by him in this Court.

                              <u>DISCUSSION</u>

     At issue is whether the Defendant is required to litigate

the dischargeability of her Capital One credit card debt both in

                                    2

BK No. 04-12010; AP No. 04-1050

state court and in this Court. Regardless of how it is
otherwise described, this dispute involves abstention, and
regarding abstention this Court has consistently said:

> Bankruptcy courts and state courts have concurrent
> jurisdiction to hear and decide matters arising under
> Section 523(a)(5). *See ... Siragusa v. Siragusa (In
> re Siragusa* ), 27 F.3d 406, 408 (9th Cir.1994);
> *Hopkins v. Hopkins,* 487 A.2d 500, 503-04 (R.I.1985).
> The circumstances under which a bankruptcy court may
> abstain in favor of a state court to adjudicate the
> same issues are spelled out in 28 U.S.C. § 1334(c)(1).
> *See Siragusa,* 27 F.3d at 408. Section 1334 states in
> part:
>> (a) Except as provided in subsection (b) of
>> this section, the district court shall have
>> original and exclusive jurisdiction of all
>> cases under title 11.
>> (b) Notwithstanding any Act of Congress that
>> confers exclusive jurisdiction on a court or
>> courts other than the district courts, the
>> district courts shall have original but not
>> exclusive jurisdiction of all civil
>> proceedings arising under title 11, or
>> arising in or related to cases under title
>> 11.
>> (c)(1) Nothing in this section prevents a
>> district court in the interest of justice,
>> or in the interest of comity with State
>> courts or respect for State law, from
>> abstaining from hearing a particular
>> proceeding arising under title 11 or arising
>> in or related to a case under title 11.
> 28 U.S.C. § 1334. For nearly a century and a half,
> federal courts have ... abstained or avoided
> interfering with the determination of family law
> matters. *Barber v. Barber,* 62 U.S. (21 How.) 582, 584
> (1858).
>> [Indeed], alimony, maintenance, or support

3

BK No. 04-12010; AP No. 04-1050

> are not standard debtor/creditor situations,
> but involve important issues of family law.
> Traditionally, the federal courts have been
> wary of becoming embroiled in family law
> matters. For that reason, federal courts
> generally abstain from deciding diversity
> "cases involving divorce and alimony, child
> custody, visitation rights, establishment of
> paternity, child support, and enforcement of
> separation or divorce decrees still subject
> to state court modification."

*Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir.1988);
*see also Crouch v. Crouch,* 566 F.2d 486, 487 (5th
Cir.1978). *See generally Simms v. Simms,* 175 U.S. 162,
20 S.Ct. 58, 44 L.Ed. 115 (1899) (the subject of
domestic relations belongs to state, not federal law).
"The reasons for federal abstention in these cases are
apparent: the strong state interest in domestic
relations matters, the competence of state courts in
settling family disputes, the possibility of
incompatible federal and state court decrees in cases
of continuing judicial supervision by the state, and
the problem of congested dockets in federal courts."
*Crouch,* 566 F.2d at 487.   *Carver v. Carver,* 954 F.2d
1573, 1578 (11th Cir.), *cert denied,* 506 U.S. 986, 113
S.Ct. 496, 121 L. Ed.2d 434 (1992) (footnote omitted).

*Lembo v. Read* (*In re Lembo*), 262 B.R. 21, 25-25 (Bankr. D.R.I.

2001).

Jurisdiction over the dischargeability of debts resides in

the  Bankruptcy  Court,  while  issues  involving  alimony,

maintenance,  and  support  are  considered  matters  of  state  law

where  abstention  is  appropriate,  given  the  family  court's

history with the parties and considering judicial economy.   If

4

BK No. 04-12010; AP No. 04-1050

Mr. Ladds' adversary proceeding involved Section 523(a)(5) issues only, the decision would be easy, and this Court would probably defer to the family court. However, in his lawsuit in this Court Mr. Ladds asserts dischargeability issues where abstention is not permissible, i.e., under 11 U.S.C. § 523(c)(1), the bankruptcy court has *exclusive* jurisdiction over adversary proceedings brought under Sections 523(a)(2), (4), (6), or (15). *See In re Crawford*, 183 B.R. 103, 105 (Bankr. W.D. Va. 1995). By including and asserting each of these exclusively bankruptcy sections in his Bankruptcy Court complaint, Mr. Ladds has made this Court's retention of the dispute mandatory. As for the predictable question – should Mr. Ladds' complaint be bifurcated, with abstention granted as to the discretionary 523(a)(5) issue? – judicial economy and common sense require that question to be answered in the negative. Since bifurcation is not appropriate, and abstention not permissible under the statute, the Bankruptcy Court will retain jurisdiction over all issues raised in Christian Ladds' Bankruptcy Court complaint, and the matter shall proceed here, in accordance with the December 2, 2004, Scheduling Order. Implicit herein is this Court's order enjoining Christian Ladds

5

BK No. 04-12010; AP No. 04-1050

from prosecuting his Motion for Relief pending in the Rhode
Island  Family Court.

    Dated at Providence, Rhode Island, this   31st   day of
January, 2005.

_____
    Arthur N. Votolato
    U.S. Bankruptcy Judge

Entered on docket: 1/31/2005

6